# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOHLER CO.,

        Plaintiff,

v.                                   Case No. 20-cv-1563

WHISTLING OAK APARTMENTS LLC,

        Defendant.

## DECISION AND ORDER

Plaintiff Kohler Company has sued Whistling Oak Apartments LLC for infringement of registered trademarks under 17 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(a), and common law trademark infringement, unfair competition, and deceptive trade practices. (ECF No. 1, ¶ 3.) Society Insurance and The Cincinnati Insurance Company issued insurance policies to Whistling Oak and accepted Whistling Oak's tender of defense subject to a reservation of rights. Both Society and Cincinnati filed motions to intervene, bifurcate, and stay the case. (ECF Nos. 17 and 31.) They contend that they are not obligated to defend or indemnify Whistling Oak in this action. Cincinnati subsequently withdrew its motion to bifurcate and stay. (ECF No. 39.)

When no party objected to the motions to intervene, the court granted that aspect of Society's and Cincinnati's motions. (ECF No. 43.) Unresolved is that aspect of Society's motion seeking an order bifurcating trials on the issue of insurance coverage and liability and staying the proceedings on liability pending resolution of the insurance coverage issues. Both Kohler and Whistling Oak oppose bifurcating coverage and liability issues and staying the liability issue pending resolution of coverage.

All parties have consented to the full jurisdiction of this court under 28 U.S.C. § 636(c). (ECF Nos. 6, 10, 20, and 42.)

Federal Rule of Civil Procedure 42(b) provides in relevant part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The decision whether to bifurcate rests within the sound discretion of the court. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). And the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

In *Mowry v. Badger State Mut. Cas.*, 129 Wis.2d 496, 385 N.W.2d 171 (1986), the Wisconsin Supreme Court "endorsed the practice of bifurcating the coverage issue and resolving it before turning to the issues of liability and damages in the underlying action." *Krueger Int'l, Inc. v. Federal Ins. Co.*, 647 F. Supp. 2d 1024, 1041 (E.D. Wis. 2009).

Toward that end, the court instructed insurers who contest coverage to "not only request a bifurcated trial on the issues of coverage and liability" but to also "move to stay any proceeding on liability until the issue of coverage is resolved." *Elliott v. Donahue*, 169 Wis. 2d 310, 318, 485 N.W. 2d 403, 406 (1992). "*Mowry* envisioned coverage questions that could be easily and quickly resolved before substantial defense costs in the underlying action would be incurred, and it directed trial courts to expedite the resolution of the coverage question once bifurcation was ordered[.]" *Krueger Int'l*, 647 F. Supp. 2d at 1042.

Society contends that its policy does not apply to the claims which Kohler asserts against Whistling Oak. (ECF No. 32 at 12; ECF No. 18 at 5-6.) Society also contends that Whistling Oak did not disclose the existence of a potential claim by Kohler to Society at the time Society issued its policy to Whistling Oak, and that Society's policy was not in force at the time of Whistling Oak's initial advertisement or publication of its trademark. (ECF No. 32 at 12.) Society contends that bifurcation "will protect Society against potential prejudice, will reduce the prospect of jury confusion, will simplify issues at trial, and will augment efficiencies." (ECF No. 32 at 14.) And it contends that, absent a stay, if it prevails on the merits of its arguments "it will incur defense costs even though there is no contractual obligation to do so." (ECF No. 32 at 14.)

In opposing the motion to bifurcate and stay, Kohler quotes from the decision in *Krueger,* which stated:

> [T]he assumption underlying *Mowry* and its progeny that in most cases coverage issues could be easily and expeditiously resolved before addressing liability and damages on the underlying claim has proven not to be true. Often coverage questions, especially those arising under comprehensive general liability policies in complex commercial litigation, are not easily resolved without substantial discovery on the merits. To stay all proceedings on the underlying claim until the coverage question is resolved will often indefinitely delay the plaintiff's case and risk prejudice as memories fade and potential evidence is lost. Bifurcation and stay of liability issues can also give rise to unproductive disputes over the scope of the discovery allowed and lead to multiple depositions of the same witnesses, thereby increasing the time and expense required for both the parties and the court. Moreover, even in cases where the trial court grants the insurer's motion to bifurcate and resolves the coverage question expeditiously in favor of the insured (sic), that does not end the matter if the insured elect elects to appeal. In order to preserve its rights and avoid excess liability, the Wisconsin Supreme Court has held that the insurer must continue to defend its insured in the trial court while the appeal is pending. Otherwise, if it turns out that the trial court was in error, the insurer can be held liable not only for its insured's attorneys fees, but for the full amount of the judgment entered against him, regardless of any policy exclusions on the policy limits. It is thus clear that in many cases the option of defending under a reservation of rights, and seeking bifurcation and an immediate stay of the principal action until the coverage issues is resolved, will not protect an insurer defending under a reservation of rights from incurring substantial defense costs despite the fact that it may later be found to owe no duty to defend its insured in the underlying action.

*Krueger Int'l*, 647 F. Supp. 2d at 1042-43 (citations omitted). Kohler contends that the analysis in Krueger "applies with equal force in the present case and supports denying Insurers' motions. Bifurcation and a stay will not result in any meaningful efficiencies for either the parties or the Court." (ECF No. 38 at 6.) And, importantly, bifurcation and a stay will indefinitely delay proceedings on the merits, which will result in significant prejudice to Kohler. (ECF No. 38 at 12.)

In reply, Society argues that

> [d]epending on how quickly the parties can respond to several straightfoward interrogatories and requests for production, Society can have its coverage motion filed in short order (likely within two weeks of responses to discovery). While it is possible that a favorable coverage decision will be appealed (thereby prolonging the litigation), that is exceedingly unlikely given the strength of Society's defenses and the futility of any appeal on the coverage issue.

(ECF No. 40 at 2.)

The court is less confident than Society that the coverage issues will be resolved as expeditiously as Society predicts. In addition, Society has a separate defense based on an alleged misrepresentation by Whistling Oak at the time it procured its policy from Society. That defense will involve discovery separate from that needed to interpret Society's insurance policy. And the court's experience is similar to that expressed by Judge Griesbach in *Krueger,* that any coverage decision it might make that is favorable to Society may be appealed, further prolonging any stay that the court might enter.

If, as Society predicts, quick and limited discovery can settle the issue regarding coverage, the court is confident that Society will promptly file a motion to resolve the coverage issues. But there is no reason why such discovery and briefing cannot occur as the balance of the case moves forward. *See David & Goliath Builders, Inc. v. Kramer*, No. 09-CV-0621, 2010 U.S. Dist. LEXIS 1612, at *6-7 (E.D. Wis. Jan. 8, 2010). As such, Society's motion to bifurcate and stay will be denied.

**IT IS THEREFORE ORDERED** that Society Insurance's motion to bifurcate and stay (ECF No. 31) is **denied**.

Dated at Milwaukee, Wisconsin this 8th day of April, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge